IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.<br>)<br>) |
| v. | ) COMPLAINT<br>) |
| REGIS CORP., d/b/a SMARTSTYLE, | ) JURY TRIAL DEMAND<br>) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Kaneika Ramsey who was adversely affected by such practices. As alleged with greater particularity in paragraphs 8 – 16 below, Ms. Ramsey was denied a reasonable accommodation of her sincerely held religious beliefs and terminated because of her religious belief in violation to Title VII.

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

### PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000-5(f)(1) and (3).

4. At all relevant times, Defendant, Regis Corp. d/b/a SmartStyle ("Defendant"), has been a foreign corporation incorporated in the State of Minnesota doing business in the State of Tennessee and the City of Murfreesboro and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

### STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Kaneika Ramsey filed a charge with the Commission alleging violation of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 2006, Defendant Employer has engaged in unlawful employment practices at its Murfreesboro, Tennessee facility, in violation of §703(a) of Title VII, as amended, 42 U.S.C. §2000e-2(a).

8. Defendant Employer denied Kaneika Ramsey a reasonable accommodation of her sincerely held religious beliefs and terminated her employment because of her religious beliefs.

9. Ms. Ramsey is Baptist, and holds a sincere religious belief against working on the Sabbath, Sunday.

10. Ms. Ramsey advised Defendant of her prohibition against working on her Sabbath.

11. From the time Ms. Ramsey was hired in August 2004 until her discharge, she was not scheduled to work a Sunday.

12. In July 2006, Defendant named a new area manager in its SmartStyle Shop.

13. On or about October 6, 2006, Ms. Ramsey advised the new area manager of her prohibition against working on her Sabbath.

14. Ms. Ramsey was scheduled to work on Sunday, October 22, 2006.

15. Ms. Ramsey advised her immediate supervisor, in writing, that her religious beliefs precluded her from working on the Sabbath and she would not be able to work on October 22, 2006. Her immediate supervisor accepted the written request.

16. Defendant terminated Ms. Ramsey's employment effective October 22, 2006, because of her refusal to work on her Sabbath.

17. The effect of the practices complained of in paragraphs 8 – 16 above has been to deprive Ms. Ramsey of equal employment opportunities and otherwise adversely affect her status as an employee.

18. The unlawful employment practices complained of in paragraphs 8 – 16 above were and are intentional.

19. The unlawful employment practices complained of in paragraphs 8 - 16 above were done with malice or with reckless indifference to the federally protected rights of Kaneika Ramsey.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of religion under Title VII of the Civil Rights Act of 1964, as amended.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for employees' religious beliefs and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Kaneika Ramsey by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Kaneika Ramsey.

D. Order Defendant to make whole Kaneika Ramsey by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 – 16 above, including emotional pain,

suffering, inconvenience, job search expenses, and other appropriate expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Ms. Ramsey by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described in paragraphs 8 – 16 above, including emotional pain, suffering, inconvenience and mental anguish, in amounts to be determined at trial.

F. Order Defendant to pay Kaneika Ramsey punitive damages for its malicious and reckless conduct described in paragraphs 8 – 16 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EEOC, Washington, D.C.

_/s/ Faye Williams, by SR w/ permission_
**FAYE WILLIAMS**
Regional Attorney
TN Bar No. 11730

_/s/ Deidre Smith, by SR w/ permission_
**DEIDRE SMITH**
Supervisory Trial Attorney
TN Bar No. 18499

**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION**
1407 Union Ave., Suite 621
Memphis, TN 38104
(901) 544-0088

_/s/ Sally Ramsey_
**SALLY RAMSEY**
Senior Trial Attorney
TN Bar No. 18859

**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION**
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-2105

6

Case 3:08-cv-00821    Document 1    Filed 08/27/08    Page 6 of 6 PageID #: 6