IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION 3:08-0821 |
| | ) ) ) | Judge Trauger/ Magistrate Judge Knowles |
| v. | ) ) | |
| REGIS CORP., d/b/a SMARTSTYLE, | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) | |

## CONSENT DECREE

### INTRODUCTION

This civil action was instituted by the Equal Employment Opportunity Commission (the "Commission") against Regis Corp., d/b/a SmartStyle ("Regis"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e, et seq., and Title I of the Civil Rights Act of 1991, to remedy the unlawful employment practices alleged in the Complaint filed on August 27, 2008. The Complaint alleged that Regis failed to reasonably accommodate Ms. Kaneika Ramsey's sincerely held religious belief that she could not work on Sunday and discharged her because of her religious belief.

Defendant denies that it discriminated against Kaneika Ramsey. The Commission and Regis have agreed to this Consent Decree to settle all of the claims involved in this lawsuit. The parties to this action desire to avoid the additional expense and delay in the litigation of this case.

In the event this Consent Decree is not approved or does not become final, it shall not be admissible in evidence in any subsequent proceeding in this action.

This Decree constitutes the complete and exclusive agreement between the Commission and Regis with respect to the matters referred to herein. No waiver, modification or amendment of any provision of this Decree shall be effective unless made in writing. No representations or inducements to compromise this action have been made between the parties hereto, other than those recited or referenced in this Decree.

The Court has reviewed the terms of this Consent Decree in light of the applicable laws and regulations, the representations of counsel for all parties, and hereby approves the Consent Decree.

It is hereby ORDERED, ADJUDGED AND DECREED:

## I. JURISDICTION

The United States District Court for the Middle District of Tennessee, at Nashville, has jurisdiction over the parties and the subject matter of this litigation and will retain jurisdiction over this Decree for the purposes of enforcement and dispute resolution.

## II. SCOPE OF DECREE

A. This Consent Decree resolves all issues and claims arising out of the Commission's complaint in this case, Civil Action No. 3:08-0821, alleging unlawful employment practices by Defendant based on Charge No 494-2007-01277 filed by Kaneika Ramsey. This Consent Decree shall not be considered in any manner to be

dispositive of any other charge which is or may be pending before any office of the Commission other than Charge No. 494-2007-01277.

B. The provisions of this Consent Decree shall be effective and binding upon the parties to this action for two years after the date of its entry by the Court.

## III. INJUNCTIVE RELIEF

Defendant, its officers, agents, employees, and all persons acting in concert with Defendant are enjoined from failing to reasonably accommodate the sincerely held religious beliefs of any employee.

## IV. MODIFICATION OF POLICY

Within 180 days after entry of the Decree, Regis will amend its Employee Handbook ("New Employee Orientation Packet") to provide specific instructions for obtaining religious accommodation; and amend its Management Handbook to provide specific instructions for granting religious accommodation, including a form which employees or management will use to reduce all requests to writing.

Regis will provide written notification to all employees of the modification/amendment of its Employee Handbook and Management Handbook to specifically outline the changes.

## V. TRAINING

Defendant shall provide religious accommodation awareness training to certain hourly, supervisory and management personnel in the middle Tennessee area (see Exhibit A) according to the following terms:

(a) Defendant will retain a labor and employment specialist with at least 10 years experience to conduct the training of LaRhonda Chaney and all salon managers in her area. Hourly employees in LaRhonda Chaney's area (excluding salon managers) will be trained by a regional manager who has completed the training for managers described herein.

(b) The labor and employment specialist will use the Commission's Compliance Manual, Section 12, Religious Discrimination, to conduct the training. See www.eeoc.gov/policy/docs/religion.html.

(c) The training session will include at least one hour of training for the hourly employees described above and three hours of training for LaRhonda Chaney and the salon managers in her area.

(d) The training topics for all employees will include, among other things, the definition of religion, what is a sincerely held religious belief under Title VII, what is prohibited conduct under Title VII, reasonable accommodation, and common methods of accommodation in the workplace. Management employees will have additional training regarding employer liability and employer best practices,

(e) The training will include a discussion of the policy for requesting religious accommodation as outlined in the revised handbook (see Section IV: Modification of Policy), and will include examples of reasonable accommodations.

(f)  Defendant will conduct the training session within 180 days after the date of the entry of this Consent Decree by the Court.

(g)  Defendant will require all attendees to sign and date an attendance form.

(h)  Defendant will administer a test, developed by the trainer, to LaRhonda Chaney.  After completion of the training, the trainer will review the test with Ms. Chaney to ensure that she understands her obligations under Title VII as it relates to religious accommodation.

(i)  Ms. Chaney will sign a separate form stating that she received the training conducted in the workplace, that she understands her obligations under Title VII and that she may be subject to termination for violations of Title VII as it relates to religious accommodation.

(j)  Defendant will send the completed forms required by (g), (h), and (i) above, to Sally Ramsey, Senior Trial Attorney, at the Commission's Nashville Area office.

(k)  Defendant will repeat this training annually for the duration of this Consent Decree.  Reports of the training will be sent to the Commission as described in Section VII of this Decree.

## VI.  INDIVIDUAL RELIEF

A.  In compromise and settlement of these disputed claims, Defendant agrees to pay $926.00 in back pay, less required withholding, and $25,324.00 in compensatory damages to Kaneika Ramsey.

B.  Within 21 days of the entry of this Decree, Defendant shall mail a check to Kaneika Ramsey at the following address:

114 Monterey Court
Murfreesboro, TN 37130

The Defendant shall also mail a copy of the check to:

Sally Ramsey, Senior Trial Attorney
Equal Employment Opportunity Commission
50 Vantage Way, Suite 202
Nashville, Tennessee 37228

C. Defendant agrees to give a neutral reference to any potential employers of Kaneika Ramsey who request a job reference. All requests for reference must be directed to:

John Exline
Regis Corporation
7201 Metro Blvd.
Minneapolis, MN 55439

Any such neutral reference shall be identical to the form demonstrated in Exhibit B. No mention of the Commission charge of discrimination or this action will be made as part of the neutral reference.

## VII. REPORTING PROVISION

A. Defendant will provide two reports to the Commission. Defendant will submit the first report 12 months after entry of the Decree and the second report 23 months after entry of the Decree. Each report will describe all requests for religious accommodation at Defendant's middle Tennessee locations, describe the accommodation offered to the employee or, if no accommodation was offered, describe the reason for not offering an accommodation. Each report will describe Defendant's training of supervisors, managers and hourly employees in the requirements of Title VII of the Civil Rights Act of 1964, as amended, as set forth herein. Defendant shall

6

forward each report to Sally Ramsey, Senior Trial Attorney, at the Commission's Nashville Area office.

B.	Defendant will provide the Commission a copy of the amended portions of its Employee Handbook and Managers Handbook, as required by Section IV above. Defendant shall send the copies to Sally Ramsey, Senior Trial Attorney, at the Commission's Nashville Area office.

C.	Defendant will provide a copy of the written notification to its employees of the Employee Handbook and Managers Handbook modification/amendment within ten days after its completion.

## VIII.  NOTICE

Defendant shall continue to post conspicuously at its Murfreesboro, TN facilities the notice (poster) required by Title VII.  In addition, Defendant shall post at its Murfreesboro, TN, facility, in a location conspicuous and accessible to all applicants and employees, the Notice attached to this Decree as Exhibit C, for a period of two years commencing within ten days after entry of this Decree by the Court.

## IX.  NOTIFICATION OF SUCCESSORS

Defendant will provide prior written notice to any potential purchaser of Defendant's business, or a purchaser of all or a portion of Defendant's assets, and to any other potential successor, of the Commission's lawsuit, the allegations raised in the Commission's Complaint, and the existence and contents of the settlement.

## X. ENFORCEMENT

If Defendant fails to comply with the terms of this Decree, the Commission has a right to enforce the obligations under the Decree. The Commission will provide ten days notice to Defendant of any deficiency in complying with the terms of the Decree. If the parties are unable to reach agreement regarding resolution of any such deficiency in Defendant's compliance with the terms of the Decree, the Commission will then have the option of petitioning the Court for relief.

## XI. COSTS

Each of the parties shall bear its own costs and attorneys fees.

IT IS SO ORDERED THIS __6th__ DAY OF __August__ 2009.

_____
ALETA TRAUGER
U.S. DISTRICT COURT JUDGE

APPROVED FOR ENTRY:

FOR DEFENDANT

 s/Dianna Baker Shew
DIANNA BAKER SHEW
Stites & Harbison PLLC
Sun Trust Plaza
401 Commerce St, Suite 800
Nashville, TN  37219
(615) 782-2215

FOR THE COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Washington, D.C.

s/ Faye A. Williams
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730


s/ Deidre Smith
DEIDRE SMITH
Supervisory Trial Attorney
TN Bar No. 18499

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Ave., Suite 901
Memphis, TN 38104
(901) 544-0140


s/Sally Ramsey
SALLY RAMSEY
Senior Trial Attorney
TN Bar No. 18859
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-2105

# EXHIBIT A

## STORES COVERED BY CONSENT DECREE

| | |
|---|---|
| 4198 | Athens, TN |
| 4226 | Cleveland, TN |
| 4235 | Chattanooga, TN – Hixon |
| 4279 | Murfreesboro, TN |
| 4286 | Cleveland, TN |
| 4294 | Chattanooga, TN – E. Ridge |
| 6622 | Lenoir City, TN |
| 6624 | Madisonville, TN |
| 42007 | Chattanooga, TN |
| 42011 | Chattanooga, TN – Signal Mtn |
| 42014 | Collegedale, TN |

Exhibit B – Neutral Reference

To Whom It May Concern:

This letter is in response to your inquiry regarding the employment of Kanieka Ramsey while employed at Regis Corp., d/b/a SmartStyle.

Ms. Ramsey was last employed at Regis Corp., d/b/a SmartStyle (date of employment). While employed at SmartStyle, Ms. Ramsey satisfactorily performed her job.

I am sure that Ms. Ramsey can provide you with the details concerning her tenure at Regis Corp., d/b/a SmartStyle.

I hope this information is helpful and that it satisfactorily answers your inquiry.

Sincerely,



Regis Corp., d/b/a SmartStyle

EXHIBIT C
**NOTICE TO ALL COMPANY EMPLOYEES**

1. This Notice to all employees of Regis Corp., d/b/a SmartStyle is being posted as part of the remedy agreed to between Regis Corp., d/b/a SmartStyle and the Equal Employment Opportunity Commission in settlement of a complaint of failure to accommodate a sincerely held religious belief. Regis Corp has agreed to enhance its handbook to include instructions for requesting, documenting, and granting religious accommodation; to provide additional training; and has agreed to make whole the aggrieved individual.

2. Federal law requires an employer to maintain a workplace free from discrimination based on religion, as well as race, sex (gender), color, national origin, age (40 or older), or disability with respect to terms and conditions of employment. It is a violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e, et seq., to refuse reasonable accommodation for religion, unless doing so creates an undue hardship.

3. Regis Corp., d/b/a SmartStyle does not tolerate or condone discrimination based on religion regarding any employee or applicant for employment. Religious discrimination is a violation of company policy as well as federal law. Violation of this company policy by anyone employed by Regis Corp., d/b/a SmartStyle will result in disciplinary action up to and including termination.

4. The posting of this Notice by Regis Corp., d/b/a SmartStyle does not constitute an admission by Regis Corp., d/b/a SmartStyle of any liability under Federal law.

5. This notice must remain posted for two years from the date below and must not be altered, defaced, or covered by any other materials. Any questions about this Notice of compliance with its terms may be directed to _____.

6. If you believe you have been discriminated against, you have the right to seek assistance from:

    Equal Employment Opportunity Commission, Nashville Area Office
    50 Vantage Way, Suite 202
    Nashville, Tennessee
    Telephone: 615 736-5820
    Website: www.eeoc.gov

SIGNED this ____ day of _____, 2009.

_____
*Name, Title*

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**